UNITED STATES of America, Plaintiff—Appellee,

v.

Anne Katherine **DUBAS,** Defendant— Appellant.

No. 06–30399.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2007.

Filed April 16, 2007.

Jared C. Kimball, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Kimberly Deater, Esq., FPDWA–Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: B. FLETCHER, O'SCANNLAIN, and TASHIMA, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

Anne Katherine Dubas appeals from the denial of her suppression motion and her conviction. Dubas entered a conditional guilty plea to one count of possession with intent to distribute fifty or more kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). On appeal, Dubas argues that a Border Patrol agent's discovery of marijuana in her vehicle was the result of an illegal stop, and that her consent to the search of her vehicle was invalid. We have jurisdiction over Dubas' appeal pursuant to 28 U.S.C. § 1291, and we affirm.[1]

The existence of reasonable suspicion to support a brief investigatory stop is subject to de novo review. *Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). The district court's factual findings, including the voluntariness of a consent to search, are reviewed for clear error. *United States v. Kim,* 25 F.3d 1426, 1431 (9th Cir.1994).

Assuming without deciding that the Border Patrol agent's encounter with Dubas qualified as a seizure for Fourth Amendment purposes, the agent had sufficient grounds for stopping Dubas. "An investigatory stop is permissible under the Fourth Amendment if supported by reasonable suspicion," and reasonable suspicion requires " 'a particularized and objective basis' for suspecting the person stopped of criminal activity. . . ." *Ornelas,* 517 U.S. at 693, 696, 116 S.Ct. 1657 (citations omitted). Here, the agent had a particularized and objective basis for believing that Dubas might be involved in smuggling activity, based on the following factors: (1) the activation of two motion sensors near the border; (2) the appear-

1. Because the parties are familiar with it, we do not recite the procedural and factual background, except as necessary to understand our disposition.

ance of headlights after the second sensor activated, quickly followed by the headlights' disappearance, as if a driver extinguished the lights in an attempt to travel undetected; (3) the agent's encounter with Dubas' vehicle immediately after the second sensor activated, in the location that a vehicle leaving the area after triggering the sensor would be expected to be; (4) Dubas' travel on routes commonly utilized by smugglers for exit out of the border area; and (5) Dubas' driving conduct once the agent began following her, which suggested evasive tactics.

■ The totality of the circumstances also supports the district court's finding that Dubas' consent to search her vehicle was voluntarily given. "Whether consent to search was voluntarily given is 'to be determined from the totality of all the circumstances.' It is the government's burden to prove that the consent was freely and voluntarily given." *United States v. Patayan Soriano*, 361 F.3d 494, 501 (9th Cir.2004) (citation omitted) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). Factors to be considered include: "(1) whether defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether *Miranda* warnings were given; (4) whether the defendant was notified that she had a right not to consent; and (5) whether the defendant had been told a search warrant could be obtained." *Id.* at 502 (citation and internal quotation marks omitted). Here, the agent did not draw his gun, behave in an intimidating manner, tell Dubas that a search warrant could be obtained, or otherwise imply that her consent was unnecessary. Under these circumstances, even though the agent did not tell Dubas that she had a right to refuse the search of her vehicle, we see no clear error in the district court's finding that Dubas consented voluntarily to the search.

**AFFIRMED.**